VENABLE LLP
Daniel S. Silverman (SBN 137864)
  dsilverman@Venable.com
Bety Javidzad (SBN 240598)
  bjavidzad@Venable.com
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

VENABLE LLP
Marcella Ballard (to be admitted *pro hac vice*)
  mballard@Venable.com
1270 Avenue of the Americas, 25th Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598

Attorneys for Plaintiff
LEAD SEEKER LLC A/K/A
MIRACLE GARCINIA CAMBOGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAD SEEKER LLC, A/K/A MIRACLE GARCINIA CAMBOGIA,<br><br>Plaintiff,<br><br>v.<br><br>MIRACLE GARCINIA CAMBOGIA RX,<br><br>Defendant. | CASE NO. **'14CV0831 AJB BLM**<br><br>**COMPLAINT FOR FALSE DESCRIPTION/FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lead Seeker LLC, a/k/a Miracle Garcinia Cambogia ("Plaintiff" or "MGC"), for its Complaint against Defendant Miracle Garcinia Cambogia Rx ("Defendant" or "RX"), hereby alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for false designation of origin and false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (d); trademark infringement and unfair competition under California common law; and unfair competition under California state law.

## THE PARTIES

2. Plaintiff MGC is a Nevada limited liability company located at 10606 Camino Ruiz, Suite 8 #215, San Diego, California 92126. MGC markets and sells a dietary supplement under the name "MIRACLE GARCINIA CAMBOGIA." As alleged below, MGC's supplement contains the natural ingredient Garcinia Cambogia. MGC markets and sells its product online at a website hosted using the domain name www.miraclegarciniacambogia.com.

3. Upon information and belief, Defendant RX is a limited liability company located at 1750 Powder Springs Rd, Suite 190 #181, Marietta, Georgia 30064. As alleged below, Defendant RX is Plaintiff MGC's former distributor. It markets and sells a near-identical dietary supplement online using the domain name www.miraclegarciniacambogiarx.com. Its willful adoption of the name "MIRACLE GARCINIA CAMBOGIA RX" to sell such products infringes MGC's trademark rights.

## JURISDICTION AND VENUE

4. This action arises under the Trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and California Business and Professions Code § 17200 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391

because a substantial portion of the events or omissions giving rise to the claims occurred here. Upon information and belief, both parties purposefully direct sales of their competing supplements into the state, within this judicial district, through the operation of their e-commerce websites, www.miraclegarciniacambogia.com and www.miraclegarciniacambogiarx.com, respectively. Consumers within this judicial district have been and are likely to be confused by RX's willful, infringing conduct.

6. For the reasons set forth above, this Court also has personal jurisdiction over Defendant RX by virtue of (a) its creation and maintenance of an e-commerce website, which is interactive and available to consumers in this judicial district, and (b) the fact that MGC is located here, and RX's infringing and misleading conduct harms MGC in this judicial district.

## STATEMENT OF FACTS

### Plaintiff MGC's Common Law Rights

7. Since at least February 2013, Plaintiff MGC has been distributing a dietary supplement containing a natural ingredient called Garcinia Cambogia.

8. MGC sells this product under the trade name "MIRACLE GARCINIA CAMBOGIA." MGC has used this trade name since at least February 2013.

9. The trade name "MIRACLE GARCINIA CAMBOGIA" appears prominently on MGC's labels:

/ / /

/ / /

7957355-v1



10. The name, "MIRACLE GARCINIA CAMBOGIA" and crown logo are intended to be, and, upon information and belief, are understood by consumers as, a source identifier.

11. In November 2012, MGC registered the domain name www.miraclegarciniacambogia.com to host an e-commerce website, where it could market, advertise, promote, and sell its supplement. A screenshot of the website taken March 28, 2014, is set forth below and attached hereto as Exhibit 1:

/ / /

/ / /

COMPLAINT FOR TRADEMARK INFRINGEMENT

7957355-v1



12. As show above and at <u>Exhibit 1</u>, the name "MIRACLE GARCINIA CAMBOGIA" and crown logo appear prominently on the website and act as a source identifier for MGC's supplement.

13. Sales of product over the internet via the website at www.miraclegarciniacambogia.com date to February 2013.

14. At all relevant times, MGC has continuously marketed, promoted, advertised, and sold its supplement using the trade name "MIRACLE GARCINIA CAMBOGIA" and crown logo and the source-identifying domain name www.miraclegarciniacambogia.com.

15. As a result of MGC's continuous use of the "MIRACLE GARCINIA CAMBOGIA" and crown logo as a source identifier on supplements in e-commerce, MGC has developed strong common law trademark rights in/to those marks.

16. As a result of MGC's continuous use of the "MIRACLE GARCINIA CAMBOGIA" and crown logo as source identifiers on supplements in e-commerce, MGC has developed substantial goodwill in its developing brand.

7957355-v1

17. As a result of MGC's continuous use of the "MIRACLE GARCINIA CAMBOGIA" and crown logo as source identifiers on supplements in e-commerce, MGC has become well-known among consumers, and consumers who purchase such products understand "MIRACLE GARCINIA CAMBOGIA" to refer to Plaintiff MGC.

### **Defendant RX's Willful Infringing Conduct**

18. Defendant RX is also a distributor of supplements containing Garcinia Cambogia extract.

19. In fact, Defendant RX used to be an affiliate of Plaintiff's that received a "bounty" for referring potential customers to Plaintiff's site. As a result Defendant RX obviously knew MGC was distributing supplements containing Garcinia Cambogia extract under the name "MIRACLE GARCINIA CAMBOGIA" at the website www.miraclegarciniacambogia.com.

20. Nevertheless, Defendant began using the name "MIRACLE GARCINIA CAMBOGIA RX" on its own supplements, which name is virtually identical to Plaintiff's trade name, "MIRACLE GARCINIA CAMBOGIA," in which Plaintiff possesses strong common law rights.

21. As a result of Defendant's adoption of the name "MIRACLE GARCINIA CAMBOGIA RX," consumers have been, and are likely to continue to be, confused as to the source/origin of Defendant's products.

22. Upon information and belief, consumers encountering products labeled "MIRACLE GARCINIA CAMBOGIA RX" in the marketplace assume those products are marketed, promoted, advertised, and/or sold by Plaintiff MGC, when they are not.

23. Upon information and belief, such consumer confusion irreparably damages MGC's reputation and its goodwill in the common law trademark, "MIRACLE GARCINIA CAMBOGIA," and results in lost profits from lost sales of Plaintiff's supplements.

-5-

COMPLAINT FOR TRADEMARK INFRINGEMENT

7957355-v1

24. Compounding matters, in November 2013, Defendant registered the domain name www.miraclegarciniacambogiarx.com, which it uses to host an e-commerce website for its directly competing supplements. A screenshot of Defendant's website taken March 28, 2014, appears below and attached hereto as Exhibit 2:



25. Defendant's competing e-commerce website is hosted using a virtually identical domain name (www.miraclegarciniacambogia.com vs. www.miraclegarciniacambogiarx.com), looks similar to Plaintiff's pre-existing e-commerce website in design and commercial impression (*see* screenshots, *below*), and is likely to cause consumers to believe Defendant's competing supplements originate with Plaintiff MGC, *when they do not.*

 

COMPLAINT FOR TRADEMARK INFRINGEMENT

7957355-v1

26. Defendant's adoption of the confusingly similar trade name, "MIRACLE GARCINIA CAMBOGIA RX," even further damages Plaintiff, to the extent the addition of the abbreviation "Rx" implies falsely that the product is prescription-strength or has been endorsed by the FDA. Such false, misleading descriptions are likely to be imputed to Plaintiff, due to the similarity between the parties' trade names.

27. Defendant has also displayed Plaintiff MGC's customer care telephone number/e-mail address on its website, (*see* screenshot of Defendant RX's "Terms and Conditions" page, attached hereto as Exhibit 3), resulting in MGC being inundated with calls from confused, angry customers.

28. Again, because Defendant RX is a former distributor of Plaintiff MGC, it knows and has always known of Plaintiff's prior, common law rights.

29. Upon information and belief, Defendant adopted the infringing trade name, "MIRACLE GARCINIA CAMBOGIA RX," intending to trade on and cause consumer confusion between Plaintiff's and Defendant's competing products.

30. Upon information and belief, Defendant knows Plaintiff objects to its use of the term "MIRACLE GARCINIA CAMBOGIA RX" as a trade name and as a domain name, but has refused to cease and desist.

31. Because Defendant RX refuses to cease and desist its infringing conduct, Plaintiff has no choice but to file this lawsuit seeking economic damages and injunctive relief to remedy Defendant's willful infringement.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement, False Designation of Origin/False Description – 15 U.S.C. § 1125(a))**

32. Plaintiff MGC hereby incorporates and realleges herein paragraphs 1 through 31, above.

33. This cause of action is for false designation of origin and false

7957355-v1

description under 15 U.S.C. § 1125(a).

34. As a result of its continuous use of the term "MIRACLE GARCINIA CAMBOGIA" in commerce as a source identifier and domain name (www.miraclegarciniacambogia.com), Plaintiff MGC has established strong common law trademark rights in/to that mark.

35. With full knowledge of Plaintiff MGC's prior common law rights, Defendant RX began using a virtually identical mark, "MIRACLE GARCINIA CAMBOGIA RX," in commerce as a source identifier and as a domain name (www.miraclegarciniacambogiarx.com).

36. Defendant RX's use of "MIRACLE GARCINIA CAMBOGIA RX" is infringing and has caused, and in the future is likely to cause, consumer confusion as to the source and origin of Defendant's products.

37. Defendant RX's adoption of "MIRACLE GARCINIA CAMBOGIA RX" is also misleading, in that, without limitation, the inclusion of the abbreviation "Rx" falsely implies the products are prescription-strength or approved by the FDA.

38. Through its misuse of the MIRACLE GARCINIA CAMBOGIA name, described more fully above, Defendant has caused, and if not enjoined will continue to cause, consumers in this judicial district and elsewhere to be confused, mistaken, or deceived as to the affiliation, connection or association of Defendant's business. Defendant's use of the infringing trade name and service mark is likely to confuse consumers, in this judicial district and elsewhere, as to the source or sponsorship of Defendant's services, causing consumers to associate Defendant with MGC.

39. Defendant's misappropriation of Plaintiff MGC's common law trademark has caused and is likely to continue to cause significant harm to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

40. Again, upon information and belief, Defendant's conduct described

-8-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

7957355-v1

above is both knowing and willful.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition - Cal. Bus. & Prof. Code § 17200 *et seq.*)

41. Plaintiff MGC hereby incorporates and realleges herein paragraphs 1 through 40, above.

42. Defendant's actions, including but not limited to the use of MIRACLE GARCINIA CAMBOGIA RX with Defendant's commercial activities, constitute unfair competition, including unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising, all in violation of California Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.* and of Plaintiff MGC's rights.

43. Defendant's actions have caused, and in the future are likely to cause, confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, and/or quality of Defendant's services, thereby causing loss, damage, and injury to MGC and to the public. Without limitation, Defendant knew that its conduct was likely to cause MGC harm and mislead the public because of its past relationship with MGC as a distributor.

44. MGC believes, and therefore alleges, that Defendant has deprived it of money or property by diverting traffic to its own websites instead of to MGC.

45. As a direct and proximate result of Defendant's unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*, Defendant has unjustly traded on MGC's goodwill, has unjustly enriched itself, and has received revenues and profits in an amount that MGC will prove at trial. Accordingly, MGC is entitled to an accounting and disgorgement of any profits of Defendant.

46. As a direct and proximate result of Defendant's unfair competition, MGC has suffered and will continue to suffer irreparable harm. Defendant threatens to continue to deliberately engage in unfair competition as set forth above

-9-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

and, unless restrained and enjoined, will do so, all to MGC irreparable damage. MGC's remedy at law is not by itself adequate to compensate MGC for the harm inflicted and threatened by Defendant, and MGC will continue to suffer irreparable harm unless this Court enjoins Defendant. MGC thus deserves protection by injunctive relief.

## THIRD CLAIM FOR RELIEF
### (California Common Law Unfair Competition)

47. Plaintiff MGC hereby incorporates and realleges herein paragraphs 1 through 46, above.

48. Defendant's use of the www.miraclegarciniacambogiarx.com domain name and the MIRACLE GARCINIA CAMBOGIA RX name in connection with its services is confusingly similar to MGC's use of its common law trademark MIRACLE GARCINIA CAMBOGIA Marks, incorporated in its prior www.miraclegarciniacambogia.com domain name. MGC has invested substantial time, skill, and money in developing its common law marks, Defendant misappropriated such marks without Plaintiff MGC's authorization or consent, and Defendant's conduct has caused, and in the future is likely to cause, confusion, mistake or deception among purchasers, Internet users (including those in the state of California) and the public as to the source, origin, affiliation, sponsorship or quality of Defendant's services, and is likely to confuse consumers, Internet users and the public into believing that MGC is the source or sponsor of Defendant's services in violation of the common law of the state of California. These actions cause loss, damage and injury to MGC and to the purchasing public.

49. Defendant's registration of the www.miraclegarciniacambogiarx.com domain name, and use of the domain name and the term MIRACLE GARCINIA CAMBOGIA RX in connection with their services all violate MGC's rights is misleading and deceptive, and constitutes common law unfair competition. Defendant knew because of its distributor relationship with MGC that its actions

-10-

were infringing.

50. As the direct and proximate result of such unlawful actions, MGC has suffered and continues to suffer damages in an amount that MGC will prove at trial.

51. As a direct and proximate result of Defendant's unfair competition, MGC has suffered and will continue to suffer irreparable harm. Defendant threatens to continue infringing MGC's rights as set forth above and, unless the Court restrains and enjoins Defendant, it will continue to do so. MGC's remedy at law is not by itself adequate to compensate MGC for the harm inflicted and threatened by Defendant, and MGC will continue to suffer irreparable harm unless this Court enjoins Defendant. Plaintiff thus deserves protection by injunctive relief.

### FOURTH CLAIM FOR RELIEF
**(California Common Law Trademark and Trade Name Infringement)**

52. Plaintiff MGC hereby incorporates and realleges herein paragraphs 1 through 51, above.

53. MGC owns and has valid common law rights in MIRACLE GARCINIA CAMBOGIA with respect to its business and services.

54. Defendant's adoption of the trade name MIRACLE GARCINIA CAMBOGIA RX and use of www.miraclegarciniacambogiarx.com in connection with Defendant's website and services infringes and will continue to infringe upon MGC's common law trademark and trade name rights. It has also caused, and in the future is likely to cause, confusion, mistake, and deception among consumers and the public as to the source, origin, affiliation, sponsorship and/or quality of Defendant's services and commercial activities. It has also confused, and is likely to confuse, the public into believing that MGC was or is the source or sponsor of Defendant's services, website, commercial activities, and business in violation of the common law. Such actions thereby inflicted and continue to inflict loss,

damage, and injury on MGC and to the public. Defendant knew or, in the exercise of reasonable care, should have known that its conduct was likely to mislead the public.

55. Defendant deliberately selected the "MIRACLE GARCINIA CAMBOGIA" root for its trade name and domain name for the purpose of misappropriating MGC's goodwill and to cause confusion, mistake or deception among consumers and the public. MGC believes, and therefore alleges, that Defendant's violations of MGC's common law trademark and trade name rights were knowing, deliberate, willful, malicious, oppressive, and fraudulent.

56. As a direct and proximate result of Defendant's violations of MGC's common law trademark and trade name rights, MGC has suffered and will continue to suffer damages in an amount that MGC will prove at trial. The character of Defendant's actions also entitles MGC to an award of exemplary and punitive damages.

57. As a direct and proximate result of Defendant's violations of MGC's common law trademark and trade name rights, Defendant has unjustly enriched itself in an amount not yet ascertained. Accordingly, MGC is entitled to recover restitution for Defendant's unjust enrichment in an amount to be determined at trial.

58. As a direct and proximate result of Defendant's common law trademark and trade name infringement, MGC has suffered and will continue to suffer irreparable harm. Defendant threatens to continue to deliberately infringe MGC's common law rights as set forth above and, unless this Court restrains and enjoins them, will continue to do so. MGC's remedy at law is not by itself adequate to compensate MGC for the harm Defendant has inflicted and threatened, and MGC will continue to suffer irreparable harm unless this Court enjoins Defendant's acts. Plaintiff thus seeks injunctive relief.

///

-12-
COMPLAINT FOR TRADEMARK INFRINGEMENT
7957355-v1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MGC respectfully requests that this Court enter judgment in MGC's favor and against Defendant, as follows:

1. MGC requests that this Court enjoin and restrain Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with it, from directly or indirectly using any trademark containing or consisting of the term MIRACLE GARCINIA CAMBOGIA, or any confusingly similar variation thereof, in connection with nutritional supplements for weight loss, or in any other confusingly similar way.

2. MGC requests that this Court enjoin and restrain Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with it, from directly or indirectly using any trademark containing or consisting of the term MIRACLE GARCINIA CAMBOGIA, or any confusingly similar variation thereof, in a manner which is likely to cause confusion, mistake, or to deceive as to the association with or sponsorship of Defendant by Plaintiff.

3. MGC requests that this Court issue an order transferring the registration for the infringing domain name www.miraclegarciniacambogiarx.com to Plaintiff and requiring Defendant to assist Plaintiff in the transfer of the domain name, if necessary.

4. MGC requests that this Court enjoin and restrain Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with it, from registering any further domain names incorporating the confusingly similar root "MIRACLE GARCINIA CAMBOGIA," or any confusingly similar variation thereof.

5. MGC requests relief in the form of an accounting by Defendant of all gains, profits and advantages derived from its unlawful activities.

6. MGC requests relief in the form of an award of restitution, disgorgement, compensatory and punitive damages in an amount to be proven at

7957355-v1

1 trial.

2     7. MGC requests relief in the form of an award of costs, including reasonable attorneys' fees, by virtue of the exceptional circumstances of this case and/or because of Defendant's willful conduct.

    8. MGC requests that this Court grant MGC such other and further relief as this Court may deem just and proper.

Date: April 8, 2014

VENABLE LLP

By: /s/ Daniel S. Silverman
    Daniel S. Silverman
    Bety Javidzad
    Marcella Ballard

Attorneys for Plaintiff
LEAD SEEKER LLC A/K/A
MIRACLE GARCINIA CAMBOGIA

7957355-v1

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues and claims so triable.

Date: April 8, 2014

VENABLE LLP

By: /s/ Daniel S. Silverman
Daniel S. Silverman
Bety Javidzad
Marcella Ballard

Attorneys for Plaintiff
LEAD SEEKER LLC A/K/A
MIRACLE GARCINIA CAMBOGIA